Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Melanie Miyares

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Melanie Miyares<br><br>                    Plaintiff,<br><br>      v.<br><br>Reach Financial, LLC<br><br>                    Defendant. | CASE NO.  2:23-cv-00777<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Melanie Miyares (hereinafter "Plaintiff"), individually, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Reach Financial, LLC's (hereinafter "Reach") violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

6. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.

8. This venue is proper pursuant to 28 U.S.C. §1391(b)(1).

9. Plaintiff resides within the Central District of California.

10. The consumer agreement at issue with Reach was entered into within the Central District of California.

11. Reach conducts business through the State of California and is registered with the California Secretary of State.

## GENERAL ALLEGATIONS

12. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

13. At all relevant times herein, Reach was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

14. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

15. Plaintiff applied for, and was issued, an unsecured loan from Reach sometime in early 2021.

16. Reach was responsible for the extension of credit to Plaintiff.

17. The loan Plaintiff took from Defendant was extended primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

18. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

19. Because Plaintiff, an individual consumer, allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

20. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

21. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account shortly after the account was open and used for purchases.

22. Plaintiff eventually became financially unable to continue making payments on the account.

23. Defendant began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

24. Plaintiff retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

25. Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

26. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

27. Notice was sent to Defendant on July 13, 2022 via certified mail.

28. Defendant continued to call Plaintiff after the July 2022 certified notice of representation and revocation of consent was received.

29. Defendant continued to contact Plaintiff after she revoked her consent; the type of contact was through multiple daily phone calls to Plaintiff's cellular telephone.

30. Defendant would call Plaintiff numerous times each day demanding payment on the account and often Plaintiff was contacted two or three times a day.

31. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

32. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff retained counsel to deal specifically with the debt owed to Defendant.

33. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

34. Most of the messages left by Defendant when Plaintiff did not answer the collection calls were pre-recorded.

35. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone was to stop.

36. Defendant also continued its collection activity by contacting Plaintiff directly through email and text message.

37. This direct contact, despite Reach having knowledge that Plaintiff was represented by counsel, continued for at least six months.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

38. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

39. Plaintiff provided written notice that she was represented by an attorney by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

40. The contact information of Plaintiff's counsel was provided in the notice that was sent to Defendant.

41. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

42. The calls and communications made by Defendant to Plaintiff was not related to statements of Plaintiff's accounts and was an attempt to collect a debt.

43. Plaintiff received at least 40 calls from Defendant after she informed Defendant that she retained an attorney.

44. Defendant was clearly notified about Plaintiff's representation given the content of the letter and notice of representation.

45. The notice that Plaintiff's counsel sent to Defendant included the name of Plaintiff's attorney, the address of Plaintiff's attorney, and the phone number of Plaintiff's attorney.

46. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

47. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

48. Defendant placed at least 40 calls to Plaintiff.

49. Plaintiff was contacted multiple times per day by Defendant.

50. Defendant sent written payment demands and collection notices to Plaintiff in addition to the 40-plus phone calls.

51. Defendant violated Cal. Civ. Code §1788.11 by calling Plaintiff over 40 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

52. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

53. Defendant placed over 40 calls to Plaintiff.

54. Plaintiff was contacted multiple times per day by Defendant.

55. Plaintiff was often contacted multiple times a day.

56. Defendant violated Cal. Civ. Code §1788.11(d) by calling Plaintiff over 40 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## FOURTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

57. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

58. Defendant placed over 40 calls to Plaintiff.

59. Plaintiff was contacted multiple times per day by Defendant.

60. Plaintiff was often contacted multiple times a day.

61. Defendant violated Cal. Civ. Code §1788.11(e) by calling Plaintiff over 40 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## FIFTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

62. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

63. Defendant placed over 40 calls to Plaintiff.

64. Plaintiff was contacted multiple times per day by Defendant.

65. Defendant knew that Plaintiff was represented by an attorney as it received certified notice stating as much.

66. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Defendant knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

## SIXTH CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant)

67. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

68. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

69. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

70. Reach intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

71. Reach intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

72. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

73. These intrusions and invasions against Plaintiff by Reach occurred in a way that would be highly offensive to a reasonable person in that position.

74. Reach received notice that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

75. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Reach.

**SEVENTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant)

76. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

77. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in July of 2022.

78. Defendant called Plaintiff repeatedly after Plaintiff withdrew her consent to be contacted by an automatic dialing machine on her cellular telephone.

79. Defendant received Plaintiff's notice, sent to Defendant through certified mail, and continued to contact Plaintiff on her cellular telephone.

80. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

81. Defendant would contact Plaintiff multiple times each day regarding payment on the account.

82. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

83. Defendant contacted Plaintiff at least 40 times after she revoked her consent to be contacted on her cellular telephone and informed Reach she was represented by counsel.

84. Plaintiff was still contacted multiple times each day on her cellular telephone despite receiving notice of Plaintiff's revocation of consent.

85. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

86. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

87. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in July of 2022.

88. These telephone calls by Defendant, or its agent, violated 47 U.S.C. 227(b)(1)(A)(iii).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies

provided for in any other cause of action pursuant to California Civil Code §1788.32.

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

d. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

e. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: February 2, 2023          By:     */s/ Joe Angelo*
                                          Joe Angelo
                                          Attorneys for Plaintiff